SMITH *v.* LOCOMOTIVE ENGINEERS MUTUAL LIFE AND ACCIDENT INSURANCE ASSOCIATION *et al.*

ATKINSON, J.   1. In mutual benefit associations the contract of insurance is between the association and the member. The interest of a beneficiary in a certificate on the life of a member of such association is a mere expectancy, which becomes vested only on the death of the member. Therefore the member may change his beneficiary without other limitations or restrictions than such as are imposed by statute, the articles of incorporation, the by-laws, or the certificates of the association, where no equities exist in favor of the original beneficiary. 4 Cooley's Briefs on Insurance, 3756, 3758; Niblack's Accident Insurance & Benefit Societies (2d ed.), § 212; 29 Cyc. 125 (e).

2. A mutual benefit association may make reasonable regulations defining the methods by which a member may change the beneficiary named in his benefit certificate; and when such regulations are made they become part of the contract, and the right to change can be exercised in no other way. 4 Cooley's Briefs on Insurance, 3766. If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the association, the change will take effect though the details are not completed before the death of the insured. Ib. 3769; *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458); *Brown* v. *Dennis*, 133 *Ga.* 791 (66 S. E. 1080); *Brown* v. *Dennis*, 136 *Ga.* 300 (71 S. E. 421). Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary. Niblack's Accident Insurance & Benefit Societies, § 218; *Freund* v. *Freund*, 218 Ill. 189 (75 N. E. 925, 109 Am. St. R. 283); 29 Cyc. 132-133.

3. It follows, that where a mutual benefit association issued a certificate to a member, in which his mother was designated as the beneficiary,

it not appearing that the right of the member to change the beneficiary was restricted by statute, or anything in the charter or .the by-laws, or in the certificate, nor that any method for changing the beneficiary was prescribed, the member at the time being an unmarried man, who subsequently married, and as an inducement thereto he agreed that if the woman would marry him she should be made the beneficiary in the certificate in place of the member's mother; and where it appeared that the member never did anything to carry out such contemplated change of the beneficiary, but did promise from time to time to have the change made, and about two years after the marriage wrote his wife that he had written the association requesting the change of beneficiary to be made, the beneficiary named in the certificate was, upon the death of the member, entitled to the benefit fund due upon the certificate as against the widow of the member.

4. In view of the foregoing, a general demurrer to the petition was properly sustained.    *Judgment affirmed.   All the Justices concur.*

SEPTEMBER 24, 1912.

Equitable petition.   Before Judge Felton.   Bibb superior court. May 1, 1911.

*R. D. Feagin* and *Harris & Harris,* for plaintiff.

*A. L. Dasher* and *A. L. Dasher Jr.,* for defendants.