*R. H. Culverhouse* and *C. L. Shepard,* for plaintiff.
*W. J. Wallace,* contra.

---

PAGE *v.* BELL.

ATKINSON, J. A mutual benefit association issued to one of its members an endowment policy of insurance upon the life of the member, in which a named person was made beneficiary. The policy contained the provisions, among others: (*a*) that the policy should not be transferred prior to the death of the insured, without the consent of the association; (*b*) that there should be faithful compliance with all the stipulations in the policy "and laws of the endowment bureau and subordinate lodge." One of the laws of the association was as follows: "A member who is in good standing may at any time, should his endowment certificate be lost or get beyond his control, or for any other reason, annul the same and direct that a new certificate be issued him, payable to the same or new beneficiaries. Provided, however, that the Grand ·Chancellor shall be furnished with written evidence that the stated facts in the application for a new certificate have been properly sworn to before an officer having authority to administer oaths; and the lodge of which he is a member has passed upon same, attested and sealed by its C. C. and K. of R. & S.; and paying 50 cents for same." The insured, being old and unable to care for himself, was taken into the home of P., who agreed to nurse and support him on his promise to make her the beneficiary in the policy. The change of beneficiary was duly made in accordance with the laws of the association, and the policy was delivered to P., and she nursed and supported the insured in her home for several years. While the insured was in the home of P. under the conditions above indicated, B. called and took him to her home, for the alleged reason that she was his relative and that he was not receiving proper treatment by P. The insured told B. that P. held his policy, and he desired to obtain it and have the beneficiary changed to B., in consideration of her support and care of him for the rest of his life. Demand was made, and P. declined to surrender the policy, alleging that B. had fraudulently induced the insured to go to her home. Bail-trover proceedings were instituted by the insured, at the instance of B., to recover the policy, and the plaintiff was allowed to give bond and take possession of the policy. It was then presented to the association, with request that the beneficiary be changed to B.,

who delivered to the officer of the local lodge of the association 35 cents of the fee provided by the by-laws for changing the beneficiary. The officer ascertained the manner in which the policy had been obtained from P., and did not do anything toward changing the beneficiary, but notified B. of his declination to do so, and delivered the policy over to the sheriff. While the status was as indicated, the member died, and the trover suit was dismissed. B. instituted an action against the association and P., to compel a change of beneficiary in the policy, and to recover the benefits thereunder. The association was allowed to pay the fund into court, so that the remaining issues were between B. and P., in a contest for the fund. *Held:*

1. There was no such unqualified right of possession in B. to the policy as would authorize her to surrender the policy to the association as contemplated by the provisions in the by-laws. *Petty* v. *Piedmont Fertilizer Co.*, 146 *Ga.* 149 (90 S. E. 966). Nor was the payment of 35 cents a satisfaction of the fee provided in the by-laws as a charge by the association for making a change of beneficiary.

2. The attempt to change the beneficiary in the policy from P. to B. being ineffectual, P. was entitled to the fund. *Page* v. *Bell*, 144 *Ga.* 650 (87 S. E. 887); *Smith* v. *Locomotive Engineers Asso.*, 138 *Ga.* 717 (76 S. E. 44).

3. The verdict in favor of B. was unauthorized by the evidence, and the judge erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*
APRIL 11, 1917.

Equitable petition. Before Judge Mathews. Bibb superior court. April 29, 1916.

*B. J. Fowler*, for plaintiff in error.