## DELL *v.* VARNEDOE *et al.*

1. Where a fraternal insurance association pays the fund into court and interpleads the persons claiming it, the court may award it on equitable principles and without regard to the technical defenses open to the association under regulations made by it solely for its benefit and protection. Between the adverse claimants such regulations, in a court of equity, have no effect except to aid in ascertaining the intention of the insured.

2. A mere volunteer beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members has no vested interest therein prior to the death of the member.

3. Where a sister made a loan of money to her brother, upon the condition that the money would be repaid at a fixed time with interest thereon in excess of the lawful rate, and upon the further condition that a certificate of insurance in a fraternal benefit association would be taken by the brother upon his life and carried during his life for the benefit of the sister, who was to be named as the beneficiary therein, and where the loan with interest was repaid by the brother according to the agreement, the sister, named as beneficiary, had not such vested interest in the certificate of insurance as would prevent an equitable assignment thereof for value by the brother, if in the first instance she did not stand in the position of a mere volunteer by reason of having been a party to a usurious contract.

4. Where, subsequently to the repayment of the loan, the brother married, and agreed with his wife that if she would pay out of her personal funds the premiums upon the certificate of insurance, as they fell due, he, the insured, would cause her to be named as the beneficiary in the policy, with the right to collect the full proceeds thereof upon his death, and where the insured, in accordance with the agreement, designated, by his endorsement entered upon the policy, his wife as the beneficiary therein, and caused his signature to be attested by the secretary of the local camp of the benefit association, and exhibited such endorsement and attestation to the wife, but did not forward the policy with a nominal fee to the association as required by its by-laws so as to perfect the change of beneficiary, and the wife in accordance with the agreement paid the premiums due upon the policy, the latter, in a contest with the sister over the insurance fund which had been voluntarily paid into the registry of the court by the association, was, upon the application of equitable principles, entitled to the fund.

No. 557. MAY 15, 1918.

Interpleader. Before Judge Sheppard. Evans superior court. August 6, 1917.

*R. D. Smith* and *W. C. Warnell,* for plaintiff in error.

*E. C. Elmore, P. M. Anderson,* and *A. S. Way,* contra.

GEORGE, J. The Sovereign Camp of the Woodmen of the World, an incorporated fraternal or mutual benefit association, filed its petition in the superior court of Evans county, for interpleader, naming Mrs. Clara M. Varnedoe of Evans county, and Mrs. Sadie R. Dell of Tift county, as defendants to the petition. Substantially the petition alleged that the association issued to J. A. Varnedoe its policy of insurance in the sum of $1000, on the eighteenth day of May, 1911. Mrs. Sadie R. Dell, a sister of the member, was named as the beneficiary in the face of the policy. At the time the policy was issued the member was an unmarried man. About four years before his death, which occurred on the thirtieth day of November, 1916, he married Miss Clara M. Smith, now Mrs. Clara M. Varnedoe. On December 5, 1914, J. A. Varnedoe, the member, indicated in writing, on the back of said policy or certificate of insurance, his desire for a change of beneficiary as follows: "I, J. A. Varnedoe, to whom this certificate was issued, do hereby cancel and surrender this certificate and order that a new one shall be issued, and that the benefit shall be of the amount of $1000.00, and shall be made payable to Clara Mae Varnedoe, who bears relationship to myself of wife. [Signed] J. A. Varnedoe." Following the signature of the member, and entered upon the policy, is the following endorse-ment: "Signed at Screven, State of Georgia, this 5th day of December, 1914. I certify that Sov. J. A. Varnedoe is now in good standing and has complied with the constitution and by-laws. [Signed] A. L. Miller Sr., Clerk Camp No. 516 Woodmen of the World." Plaintiff's laws and by-laws required the following: "Should a member desire to change his beneficiary or beneficiaries, he may do so upon the payment to the Sovereign Camp of a fee of twenty-five cents, with his request written on the back of his certificate, giving the name or names of such new beneficiary or beneficiaries, which sum, together with his certificate, he shall deliver to the clerk of a camp for attestation, who shall endorse thereon the fact of such payment and delivery and the date of same; and in case of the death of such member thereafter and before the issuance of a certificate payable to such new beneficiary or beneficiaries, then and in that event the amount payable upon

such certificate shall be paid to such newly designated beneficiary or beneficiaries according to the terms of such member's request; and such Camp Clerk shall at once forward said payment and certificate to the Sovereign Clerk, and upon receipt thereof the Sovereign Clerk shall issue and return a new certificate subject to the same conditions and rate as the one surrendered, which conditions shall be a part of a new certificate, in which he shall write the name or names of the new beneficiary or beneficiaries, and shall record said change in the proper books of the Sovereign Camp." J. A. Varnedoe did not fully comply with the laws and by-laws, "in that the request on the back of said certificate by said deceased for a change of beneficiaries was never forwarded to the Sovereign Camp." Petitioner stands indifferently between the claimants, and is willing to pay the amount due upon the policy to whomever it should be adjudged to belong. It prayed that the defendants be required to interplead, and that the petitioner be allowed to pay the insurance fund into the registry of the court, to be disposed of as the court might direct, and for appropriate relief. By order of the court the fund was paid into the registry of the court, and the contest is between the claimants.

In behalf of Mrs. Dell, the sister, it appeared that the insured entered into a contract with her by which she agreed to make a loan to him in the sum of $750, in consideration of which the insured agreed to repay the money loaned at a time fixed, together with the interest thereon at the rate of ten per cent. per annum, and in addition to take out a policy of insurance in the plaintiff association for $1000, naming her as beneficiary, and further agreed to keep the same in force during his life for her benefit. The contract was consummated. The money loaned the insured by the claimant, with interest at ten per cent. per annum, was repaid when due. The certificate or policy of insurance was taken, and the claimant was named as the beneficiary therein. The contention of the sister is that the policy was not taken as mere security to the loan, but was an integral part of the agreement, and that she was therefore not a mere volunteer beneficiary, but that she had, by virtue of the contract, a vested interest in the certificate of insurance.

In behalf of Mrs. Varnedoe, the widow of the insured, it appeared that after her marriage to the insured he was about to

let the policy in question lapse for the reason that he was unable to pay the premiums on the policy and other policies of insurance carried by him, and that she offered to assist him in carrying this and two other policies of insurance, and agreed that she would pay the premiums upon this policy or certificate of insurance in question if he would name her as beneficiary in the policy, which the insured agreed to do. The insured informed her that he had effected a change of the beneficiary, and that she had been named by him as beneficiary therein in the place of Mrs. Dell, and exhibited to her the policy or the certificate of insurance with the endorsement entered thereon and signed by him in the presence of the clerk of the local camp of the Woodmen of the World. Believing that she had been named as beneficiary in the policy, she paid, from her own funds, from two to three hundred dollars on premiums due upon this and other insurance upon the life of J. A. Varnedoe. The money paid by the claimant was turned over directly to the insured, but for the purpose of paying the premiums falling due on this and the other policies. In this way the claimant kept the certificate in question in force for about two years and until the death of J. A. Varnedoe. It is the contention of the widow that she is equitably entitled to the fund paid into the court by the association.

1. As against the association, it must be held that the attempt by the insured to change the beneficiary was ineffectual. *Page* v. *Bell,* 146 *Ga.* 680 (92 S. E. 54) ; Jinks *v.* Banner Lodge, 139 Pa. 414 (21 Atl. 4) ; Ancient Order of Gleaners *v.* Bury, 165 Mich. 1 (130 N. W. 191, 34 L. R. A. (N. S.) 277, note) ; 2 Joyce on Insurance, § 746d. The association has no interest in the controversy. In its petition it set forth all the facts in so far as it was advised of the facts, and expressed a willingness to pay the money to either of the claimants. The authorities are not in harmony upon the point whether such an association by paying the money into court waives its right to object to the designated beneficiary as ineligible to claim as such; but this court appears to have adopted the rule that the payment of the fund into court with the statement that the company stands indifferently between the parties is a waiver of all defenses open to it under regulations made solely for its benefit. In such a case, it is said that the equities of the contestants will be compared. *Mitchell* v. *Langley,*

143 *Ga.* 827, 832-33 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469); *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428). There are cases in other jurisdictions holding to the contrary; but in the well-considered opinion in *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458), by Hall, J., based upon principle rather than upon precedent, where the association stood indifferently between the parties, as in this case, this court applied the doctrine of equitable relief as between the claimants to the fund, considering that as done by the insured member which ought to be done.

2-4. We come to the question, which of these claimants is in equity entitled to the fund? The general rule, and the one adopted by this court, is that a volunteer beneficiary has no vested interest in a policy issued by a fraternal insurance society, and therefore can not, in the absence of a contractual equity in the proceeds, sustain a claim thereto upon the ground that the change of beneficiary was not made in compliance with the requirements of the laws of the association. *Royal Arcanum* v. *Riley,* supra. If the beneficiary has a vested interest in the policy, neither the member nor the association can defeat this interest. Did the sister, the beneficiary named in the certificate in the instant case, have such interest? It is true that she made a loan of $750 to the insured. In consideration of the loan he agreed to take the policy in question upon his life, name the sister as beneficiary therein, and carry the insurance as long as he lived for her benefit. In addition he agreed to repay the money one year after date, with interest at the rate of ten per cent per annum. The money with interest was repaid according to the agreement. If the additional consideration, to wit, the insurance in which the sister was named as beneficiary, be considered as an integral part of the contract, it stands, certainly in equity, without legal consideration; and without deciding whether the sister was a mere volunteer in the first instance on account of having been a party to a usurious contract, a court of equity can not consider the sister other than as a mere volunteer with no contractual equity in the proceeds of the policy after the repayment of the money loaned with excess interest. On the contrary the equitable right of the wife to the proceeds of the policy can not be questioned. When the policy was all but lapsed, according to the undisputed evidence in the record, she with her own funds paid the premiums thereon,

under the definite agreement that she would be named as beneficiary therein with the right to collect the full amount of the policy at the death of the insured. See Supreme Council *v.* Murphy, 65 N. J. Eq. 60 (55 Atl. 497), where the doctrine here applied is fully discussed and many cases cited in support thereof. In *Nally* v. *Nally,* supra, the sister was named as beneficiary in a similar certificate of insurance, and the certificate was actually delivered to her, but the premiums were paid by the insured. Subsequently the insured married, and as an inducement he agreed that if the woman would marry him she should be made the beneficiary of the policy. The change of beneficiary was never actually consummated, according to the requirements of the company; but the company there, as here, paid the money into court and asked the court to determine who was entitled to the money. It was ruled that the gift to the sister was not perfect, but was revocable, and that the insured had the right to change the beneficiary of the policy. It was further ruled that marriage is a valuable consideration, and that the wife, upon the application of equitable principles, was entitled to the fund. The decision in that case was followed in *Brown* v. *Dennis,* 133 *Ga.* 791 (66 S. E. 1080), s. c. 136 *Ga.* 300 (71 S. E. 421); and in *Page* v. *Bell,* 144 *Ga.* 650 (87 S. E. 887). The case of *Smith* v. *Locomotive Engineers Asso.,* 138 *Ga.* 717 (76 S. E. 44), is not in conflict with the ruling in *Nally* v. *Nally,* supra. While it was there ruled, upon facts substantially similar to the facts in the *Nally* case, that the mother, the volunteer beneficiary, was entitled to the fund in question as against the widow of the insured, the controversy was between the wife on the one side and the association and the beneficiary in the certificate on the other: The association had not waived the defenses open to it by paying the money into court. Neither is the ruling in *Page* v. *Bell,* 146 *Ga.* supra, in conflict with the ruling in *Nally* v. *Nally.* While it was there held that the attempt to change the beneficiary in the policy then under consideration was ineffectual, and that the beneficiary named in the policy was entitled to the fund, this conclusion was there reached because the equities of the claimants in the case, on comparison, were at least equal, if indeed the superior equity was not in favor of the beneficiary named. Were both claimants to the fund mere volunteers, the claim of the beneficiary named in the policy would pre-

vail. If the equities were equal, perhaps the law would prevail; but the superior equities of the wife in this case entitle her to the fund in controversy, and the charge of the court, if erroneous for any of the reasons assigned, was harmless in the view we take of the case. There was no error in the ruling of the court on the admissibility of evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*