This action is brought by Adah Andrews, personally and as administratrix of Leroy Andrews, against defendant on the following certificate, hereafter designated as policy:
"This certifies that Brother Leroy Andrews is a beneficiary member of this department, and as such, on his death, his heirs, beneficiaries, or legal representative, whose name appears in the margin of this certificate (Adah Andrews, wife), shall be entitled to the sum of $350.00, to be paid within sixty days after the death of the aforenamed *Page 698 
brother, subject to the following conditions, viz., that the said brother at the time of his death shall be a financial member of both a subordinate lodge of this jurisdiction and of the Endowment Department.
Given under our hands and seal, this 22 October, 1907.
 James H. Young, Grand Endowment Secretary. R. B. McRary, Most Worshipful Grand Master."
From the complaint and answer, it is admitted that defendant is a North Carolina corporation, and is and has been at the time hereinafter mentioned engaged in the business of life and health insurance and other kinds of insurance within this State, being ordinarily known as a fraternal order.
The plaintiff alleges that Leroy Andrews died 11 May, 1922, and at the time of his death Adah Andrews was his lawful wife, and all the premiums and dues on the policy had been paid and the policy was valid and in full force and effect at the time of the death of Leroy Andrews, and that she personally, or as administratrix, under the policy, was entitled to the sum mentioned in the policy.
The defendant denies that Adah Andrews was the lawful wife of Leroy Andrews and denies the validity of the policy held by plaintiff, Adah Andrews, and denies that it is liable or indebted to her in any amount. In its answer it says: "That it is admitted that Leroy Andrews was a member of the Masonic Lodge for many years and that he was financial in the Endowment Department at the time of his death; that upon compliance with stipulations recited in policy, the amount therein named should be paid the legal wife of the said Leroy Andrews." And as a further defense alleges:
(1) That it is informed and believes that at the time policy was issued to the late Leroy Andrews that he was legally married to and lived with Hattie Andrews as his wife and who at his request was named as beneficiary therein.
(2) That at the time of the death of the said Leroy Andrews, Hattie Andrews was and is his legal wife, and as such is entitled to the face value of said policy.
To sustain defendant's contention on the hearing, it introduced an exact copy of the policy sued on, except "Hattie Andrews, wife," was in the policy in place of "Adah Andrews, wife." This policy was dated 28 August, 1916.
The issues submitted to the jury and the answers thereto are:
"1. Was Adah Andrews the lawful wife of Leroy Andrews at the time of his death? Answer: Yes.
2. Was Hattie Andrews the lawful wife of Leroy Andrews at the time of his death? Answer: No. *Page 699 
3. Did Leroy Andrews direct the name of Hattie Andrews to be substituted for the name of Adah Andrews as beneficiary in the policy of insurance issued on or about 22 October, 1907? Answer: Yes.
4. What amount, if any, is due Hattie Andrews on said policy? Answer: Nothing.
5. What amount, if anything, is due Adah Andrews on said policy? Answer: Nothing.
6. What amount, if anything, is due Adah Andrews, administratrix, on said policy? Answer: $350.00 and interest from date of qualification as administratrix."
The court below rendered judgment as follows:
"The court being of the opinion that Hattie Andrews was not entitled to recover instructed the jury to answer `Nothing' to the fourth issue, and the court being of the opinion that Adah Andrews was not entitled to recover, having granted `nonsuit' as to her personally, instructed the jury to answer the fifth issue `Nothing.' The jury having answered the sixth issue `$350.00 and interest from 19 February, 1924.' It having been agreed by plaintiff and defendant that this amount due, if any, under the rules of the court.
"Ordered, adjudged and decreed, that the plaintiff, Adah Andrews, administratrix of Leroy Andrews, have and recover of the defendant the sum of $350.00, with interest on $350.00 from 19 February, 1924, until paid; and that the cost of this action be taxed against Adah Andrews, administratrix, by the clerk."
The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.
From the pleadings it will be noted that there is no denial on the part of the defendant that it is due the amount set forth in the policy, but in its answer as a defense to plaintiff's action alleges "That at the time of the death of the said Leroy Andrews, Hattie Andrews was and is his legal wife, and as such is entitled to the face value of said policy."
C. S., 6508 (Public Laws 1913, chap. 89, sec. 5), is as follows:
"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; but if after the issuance of the original certificate the member shall *Page 700 
become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the society, to make such institution his beneficiary. Within the above restrictions, each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules and regulations of the society, and no beneficiary shall have or obtain any vested interest in such benefit until the same has become due and payable upon the death of the member. Any society may, by its laws, limit the scope of beneficiaries within the above classes."
Under the issues submitted in the court below, the jury found that Adah Andrews, and not Hattie Andrews, was the wife of Leroy Andrews. Under C. S., 6508, supra, Leroy Andrews had no legal right to substitute the name of Hattie Andrews for his lawful wife, Adah Andrews, as beneficiary in the policy of insurance issued by the defendant 22 October, 1907.
Under a similar statute in Ohio, construed in Applebaum v. CommercialTravelers, 171 N.C. p. 435 (similar facts), Clark, C. J., said: "Naming her as the applicant's wife in the application was a fraud, and does not entitle her to be a beneficiary of the contract." In fact, naming Hattie Andrews, who was not his wife, was void as to her and contrary to the plain provisions of the statute. This did not revoke the former policy, but left Adah Andrews, the lawful wife, the beneficiary under the policy — she being named in the policy — the policy having been kept in force according to the rules of defendant company.
The matter is well stated in Bacon on Benefit Societies, sec. 310-C, citing numerous cases, as follows: "The question occurs as to the effect on the rights of the beneficiaries first designated by an attempted change of beneficiary which is incomplete, or where the change, being effected by compliance with the required formalities and the issuance of a new certificate, is illegal, because the second beneficiaries are not entitled to take. While it seems to be taken for granted in the cases cited in the preceding sections that if the attempted change of beneficiary is not complete the rights of the first beneficiaries are not affected, because the revocation is not made complete by the issuance of the new certificate, it is now settled that if for any reason the change of beneficiaries is invalid, the rights of the first beneficiary remain in force." Joyce on Insurance (2d vol.), sec. 753; Pettus v. Hendricks, 113 Va., p. 326,74 S.E., p. 191; Page v. Bell, 146 Ga. 680, 92 S.E. 54. In Royal League v.Shields, 159 Ill. App. 54, it is held, if the original certificate issued by a society has been canceled and surrendered and a new certificate issued, such new certificate is a nullity if it names an ineligible beneficiary, and in consequence the original certificate is considered effective and in force. *Page 701 
In Pollock v. Household of Ruth, 150 N.C. p. 213, Hoke, J., says: "It is further established, certainly by the weight of authority, that, in the absence of some restriction of the kind indicated, some inhibitory provision of the general law or the charter, or some rule of the company affecting the matter, a member holding a policy or benefit certificate may change the beneficiary at his election. If certain formalities are required, they must, as a rule, be observed, but unless restrained, as indicated, the member may change the beneficiary at will, and the last holder properly designated will be entitled to the fund. Niblack on Benefit Societies, pp. 331-409; Bacon on Benefit Societies and Life Insurance, vol. 1, 291a, 308."
After the original policy was issued, 22 October, 1907, in which Adah Andrews was the beneficiary, the Legislature passed C. S., 6508 (1913),supra, confining the payment of death benefits to certain parties — wife, husband, close kin, etc. Leroy Andrews, the husband of Adah Andrews, on 28 August, 1916, attempted to substitute, with the consent of defendant, and it issued a new policy and put in the policy "Hattie Andrews" for "Adah Andrews." The jury found that Hattie Andrews was not his wife at the time, and, therefore, she did not come within the limited parties under the 1913 act.
Before the act of 1913, Leroy Andrews could have designated any one he saw fit as a beneficiary, nothing in the rules of defendant company or the law of the State prohibiting this. Under the rules of the defendant company and the law then existing, he designated Adah Andrews as the beneficiary of the policy. The statute of 1913 limits the beneficiaries. The serious question arises: Does the statute of 1913 destroy or interfere with vested rights or impair the obligation of a contract? Since the passage of the 1913 act, could Leroy Andrews, who under the former law and rules of defendant company had the right to, change the beneficiary from Adah Andrews, his wife, to whomsoever he pleased — and he named Hattie Andrews, not his wife, and not within the limited parties under the 1913 act. Could he do this? We think not. Leroy Andrews was presumed to know the law, and, after it was passed, with this knowledge, he attempted to make a new policy contrary to the changed law. Under such facts and circumstances, the new beneficiary named — Hattie Andrews — could not take advantage of any plea of vested rights. If Leroy Andrews had any vested rights, he deliberately waived them by changing the policy when the new law was in force.
It may be that if the first beneficiary named — Adah Andrews — who was his wife, and an act was subsequently passed nullifying the class to which she belonged, that this would impair her vested right. This question does not arise here. *Page 702 
Bacon on Benefit Societies and Life Insurance (3 ed.), sec. 187, p. 379:After Enacted, Laws Must Not Be Retroactive or Affect Vested Rights. The latter part of the section, quoting from a case, says: "As the law of the society is prospective in its operation, it did not affect Freeman's contract with the defendant. It did not by its terms nor by implication require him to change his policy. It would only have affected his contract in the event he should have revoked the appointment of the plaintiff as his beneficiary, and then only to the extent of requiring him to appoint a beneficiary that should belong to the specified classes. There is not a word in the law requiring any member to make a change of his beneficiary, or in case of his failure to do so, as contended for by the appellant, that his benefit certificate should revert to the society. It may be conceded that Freeman was bound by all subsequent laws enacted, but as the law in question is not retroactive, it does not affect his contract. It only affects him or any other member of the society in the issue of certificates after its passage." In Hicks v. Kearney, ante, p. 319, Adams, J., discusses clearly the operation of statutes — when prospective or retroactive.
In the record it is admitted that the defendant is a North Carolina corporation. We are inclined to think, under our Constitution, that the law of 1913, limiting the beneficiaries, would not impair the obligation of the policy contract or any vested right in relation to this kind of fraternal insurance, where the husband had taken out insurance and named his wife (Adah Andrews) his beneficiary.
In Grand Lodge v. McKinstry, 67 Mo. App., p. 86, under facts similar to these in the present case, it was said: "It is insisted, however, by his counsel, that as he could have lawfully been named as a beneficiary at the time the insurance contract was entered into, the subsequent change in the statute could not have a retroactive operation. It may be true that the statute as amended could not affect existing designations, but all subsequent designations or change of the beneficiaries must conform to it, as it must be considered as an amendment to the charter of every such corporation previously incorporated under the article. As the designation of Harry as a beneficiary occurred subsequently to the amendment of the statute, his right to take must be governed by it, as he was in no wise related to the deceased, he cannot take as a dependent."
The able and well-considered opinion of Connor, J., in Howell v.Insurance Co., ante, p. 212, was decided on one of the ordinary life insurance policies, the facts were different and has no application to the case here.
From the evidence, we think the court below made no error in regard to allowing the copy of the original policy to be produced. *Page 703 
The issues framed from the pleadings in the contest in the court below was to ascertain who was the legal wife of Leroy Andrews. The jury answered "Adah Andrews." The court below nonsuited Adah Andrews for the reasons given — we think this was error. From the finding of the jury that she was the lawful wife of Leroy Andrews, judgment should have been rendered in her favor. She did not appeal from the judgment of nonsuit to this Court. Thayer v. Thayer, ante, 504.
After the death of Leroy Andrews, a question arose as to which of two women, each claiming to be his wife, was the beneficiary under his policy. Upon this question appropriate issues were submitted to the jury, and the defendant had the privilege of contesting the right of either to recover. The issues were answered as they appear of record, and upon the return of the verdict his Honor held that the administratrix, and not the wife of the deceased in her individual capacity, was entitled to the amount due. The question being which of the two had a right to the money, his Honor held that the wife was not entitled to it because the administratrix was. The judgment involved these two inseparable propositions. If there was error in one, there was necessarily error in both, and the correction of one automatically corrects the other. We think the converse of his Honor's judgment is true; that is, that the wife and not the administratrix is entitled to recover on the policy and that a reversal on one proposition essentially works a reversal of the other, although the wife did not appeal. Therefore, we hold that Adah Andrews is entitled to judgment against the defendant in the sum of $350 with interest and costs, and that the administratrix is not entitled to recover. Hence, this cause is remanded to the end that judgment may be entered in the court below in accordance herewith. The judgment appealed from is accordingly
Reversed and remanded.