BARRETT, guardian, *et al.* v. BARRETT.

No. 8045.   SEPTEMBER· 17, 1931.   REHEARING DENIED SEPTEMBER 26, 1931.

380

*W. Inman Curry,* for plaintiffs in error.

*Lee, Congdon & Fulcher* and *Hammond & Kennedy,* contra.

BECK, P. J. (After stating the foregoing facts.)

The court did not err in overruling the demurrer to the petition or response of Mrs. Bertha M. Barrett. It is true that what was done by the insured in this case did not literally comply with the provisions in the policy for effecting a change of beneficiary: "The insured may, at any time, and from time to time, during the continuance of this policy, with the consent of the company, subject to any assignment of this policy, change the beneficiary or beneficiaries hereunder, by filing at the home office a written request on the company's form therefor, accompanied by the policy, such change to take effect only upon the endorsement of the same on the policy by the company; whereupon all rights of the former beneficiary shall cease. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured, unless otherwise stipulated herein." But substantial compliance with that provision and stipulation in the policy is sufficient, under the facts of this case; for the facts are such as to require the application of equitable principles.

In the able brief of counsel for plaintiff in error are quoted from a large number of decisions legal principles which, at first sight, are applicable to the questions here involved. For instance: "Any right to change the beneficiary is one of contract, and it can be accomplished only in the manner pointed out in the policy." *Roberts* v. *Northwestern National Life Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043). "The naming of a beneficiary in an insurance policy is an integral part of the contract, and can not be changed without a compliance with the stipulations in the policy." And it

was further said in the same case that there is no suggestion that the insurance company ever consented to any change in the terms of the contract made with the insured. In *Thomas* v. *Metropolitan Life Ins. Co.*, 144 *Ga.* 367 (87 S. E. 303), it was held: "A petition in a suit on the policy by an alleged transferee for value, which failed to show assent to the transfer by endorsement on the policy signed by the secretary, or which, though alleging that the insured had signed a notice to the company of a substitution of the name of the alleged transferee for that of the beneficiary, failed to allege that such notice was presented to the company for an endorsement before the death of the insured, was subject to general demurrer." And numerous decisions laying down the same rule are cited and quoted from in the brief of counsel. But in the present case there are other principles that are applicable, principles of an equitable nature. When we consider that the insured in the policies in question here made a formal request for a change of beneficiary in the two policies, on the company's printed forms for that purpose, and executed the form of affidavit which the insured was required to sign, and forwarded these documents through the insurer's agent, and these were received by the insurance company, and when good excuse was shown for not forwarding the policies, the allegation of all these facts in the petition or response of Mrs. Bertha Barrett shows substantial compliance with the requirements of the provision for a change of beneficiary. In *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458), a man holding a policy of life insurance, with right reserved to change the beneficiary, delivered the policy, premiums paid, to his sister. Subsequently he married, having agreed with his wife as an inducement that she should be named beneficiary. After marriage, the wife paid the next premium and notified the company's agent to change the beneficiary, but the sister holding the policy refused to surrender it. The policy contained this condition: "This policy is issued and accepted upon the express condition that the insured may, with the consent of the company, at any time assign it, or, before assignment, change the beneficiaries therein, or make any other change." On an interpleader filed by the company, it was held that the assured had effected the change, notwithstanding the fact that the provisions in the policy were not followed. The court said: "There is no condition in this

policy requiring the consent of the beneficiary named therein to a change of any of its terms, or of the parties entitled to claim under it, whether such change was to be effected either by parol or by a written instrument; this was a matter entirely between the assured and the company; and if it chose to dispense with any of the modes to effect this purpose, this concerned no third party. The company does not insist upon a rigid compliance with the forms prescribed in the policy; and even if it had capriciously withheld its consent to the alteration which the assured desired to have made, and for which he received a valuable consideration, it is hardly to be questioned that it would be compelled, at the suit of the wife, to perform this contract specifically."

In *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (118 S. E. 197), it was said: "Where the insurer consents to such assignment during the life of the insured, the assignment is not rendered invalid because the company does not attach to the policy its formal written memorandum of consent until after the death of the insured. Neither the assignor nor the beneficiary can take advantage of the failure of the insurer to consent to such assignment, and of its neglect to attach such memorandum of its consent to the policy during the life of the insured." In Arrington *v.* Grand Lodge, 21 Fed. (2d) 914, it was held by the U. S. Circuit Court of Appeals that the limitation in the policy as to the change of beneficiary "was a matter entirely between the insurer and the insured, and was for the benefit of the insurer alone. If the insurer chose to waive or not insist on an objection to the sufficiency of the act of the insured manifesting his intention to change the beneficiary, based on a non-compliance with a requirement prescribed for its sole benefit, an objection on that ground was not available in favor of the original beneficiary. No one other than the insurer had the right to question the sufficiency of the above set out instrument to effect a change of beneficiary, on the ground of non-compliance with the provision as to the method of effecting such change. Subject only to the right of the insurer to insist on compliance with the provision of its constitution as to the manner of effecting such change, such change could be effected by parol or by a written instrument manifesting the insured's intention to change the beneficiary." Citing *Nally* v. *Nally,* supra. See also the case of *Brown* v. *Dennis,* 136 *Ga.* 300 (71 S. E. 421). In

*Smith* v. *Locomotive Engineers Ins. Asso.*, 138 *Ga.* 717 (76 S. E. 44), this court stated the rule requiring conformity to regulations governing a change of beneficiary, and recognized the principle that the provisions of the policy must be followed; but in that case it was said: "If, however, the insured has done substantially all that is required of him, or all that he is able to do to effect a change of beneficiary, and all that remains to be done is ministerial action of the association, the change will take effect, though the details are not completed before the death of the insured." Cases in which it has been held that the desired change of beneficiary must be communicated to the company, or it amounts to an unexecuted or uncommunicated intention, are not applicable here; for the essential facts are different from the case now under consideration, where the formal request for a change of beneficiary was executed by the insured on forms prepared and submitted by the company, and regularly delivered to the agent of the company and by him forwarded to the home office, where the written request for a change now remains. An equitable principle applicable in this case is contained in the maxim that equity regards as done that which ought to be done; and in 37 C. J. 585, we find the principle stated: "On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it, or was otherwise inaccessible."

Counsel for plaintiff in error urges the principle laid down in the case of Freund *v.* Freund, 218 Ill. 189 (75 N. E. 925, 109 Am. St. R. 283). A portion of that decision is as follows: "In the case at bar the company, under the statute, was required to give its consent to the change, and under the contract the company could only indicate its consent to such change by an endorsement. in writing upon the policy at the home office. Certainly the statute meant something when it stated that the right of the assured to change the beneficiary was dependent upon the consent of the com-

pany. The giving of consent is not a mere ministerial act, because it involves the exercise of judgment." But substantial compliance with the provisions of the policy seems to be that which is recognized in this State as well as in other States. See McDonald v. McDonald, 212 Ala. 137 (102 So. 38, 36 A. L. R. 761), where the court said: "The insured gave the company notice in writing that he desired to have the name of the beneficiary changed, and requested that such change be made. Thereupon, if not immediately and absolutely, after the lapse of a reasonable time, with no reason forthcoming why insured's nominee should not be substituted in the policy, insured was entitled to such substitution; and a court of equity, if the insured desired to have the policy changed for future security, would have made a decree accordingly. But the change in the instrument, though suggested by prudence, was not necessary to the rights which insured desired to secure for his nominees, appellants." The Alabama court referred to Freund v. Freund, supra, as a leading case supporting an opposite conclusion, and said: "The judgment in that case seems to have been governed in large part by a statute of the State of New York, as some of the cases have pointed out. But, however that may be, by the weight of authority and what appears to us to be the better reason, we are led to the conclusion stated above."

In Hoskins v. Hoskins, 231 Ky. 5 (20 S. W. (2d) 1029), the Court of Appeals of Kentucky rendered a decision involving a change of beneficiary under a policy of insurance. The policy provision was that "the insured may while this policy is in force designate a new beneficiary, reserving the right of revocation, by filing written notice thereof at the home office of the company, accompanied by this policy for endorsement. Such change shall take effect on the endorsement of the same on this policy by the company, and not before." The policy in that case was not sent with the request for a change of beneficiary, for good reasons shown. The assured had done everything, however, required of him except send the policy to the company. The court said: "In this commonwealth the rule seems to be, where the assured has done substantially all the contract required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the insurer, the change will take effect though the formal details were not completed before the death of the in-

sured." Referring to the case of Freund v. Freund, supra, the Kentucky court said that it "is a case that is frequently cited, and in 37 C. J. 586, it is noted as a leading case, and it may be a leading case in States adhering to the strict-compliance rule; but that rule is not followed in this State, and moreover this Freund case is rested on a statute of the State of New York. . . So the Freund case is not applicable to the question we have before us, which arises under a contract only with no statutory regulations involved; therefore we shall take no further notice of the Freund case." Other cases from other States laying down this rule might be quoted from; but we will not multiply instances. In *Baldwin* v. *Wheat,* 170 *Ga.* 449 (153 S. E. 194), this court, through Justice Hines, said: "Regulations of the association which provide the method for the change of the beneficiary must be complied with by the insured, to effect such change; and failure to comply with such regulations will make the attempt by the insured to change the beneficiary ineffectual. However, such regulations are made solely for the benefit and protection of the association; and where the association pays the fund into court, under an agreement that one of the claimants must file an equitable proceeding against the other to determine their rights thereto, the court may award the fund on equitable principles, and without regard to the technical defenses open to the association under regulations made by it for the change of such beneficiary. Between the adverse claimants such regulations, in a court of equity, have no effect except to aid and ascertain the intention of the insured." In *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977), it was said: "The authorities are not in harmony upon the point whether such an association by paying the money into court waives its right to object to the designated beneficiary as ineligible to claim as such; but this court appears to have adopted the rule that the payment of the fund into court, with the statement that the company stands indifferently between the parties, is a waiver of all defenses open to it under regulations made solely for its benefit. In such a case it is said that the equities of the contestants will be compared. *Mitchell* v. *Langley,* 143 *Ga.* 827, 832-33 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469); *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428). There are cases in other jurisdictions holding to the contrary; but in the well-considered

opinion in *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458), by Hall, J., based upon principle rather than upon precedent, where the association stood indifferently between the parties, as in this case, this court applied the doctrine of equitable relief as between the claimants to the fund, considering that as done by the insured member which ought to be done."

In view of these decisions, we think that the equitable principles referred to in them can be applied in this case, and that the rule of substantial compliance should be applied, especially in view of the allegations in the petition which show that Mrs. Bertha Barrett can not be treated as a mere volunteer. There was a good consideration inducing the insured to make this change. Besides this, there are pleaded good reasons why the policy was not forwarded to the company for its endorsement thereon of the change of beneficiary. It was explained on behalf of the insured that the policy was in a safety-deposit box in New York; the insured was sick there and could not get the policy out of the box. It is true that he became strong enough to come to his home in Augusta, but that does not show that he had recovered sufficiently to attend to the business of getting the policy out of the deposit-box. And we are satisfied that the court did not err in overruling the general demurrer.

■ While the special demurrer points out certain allegations of irrelevant facts in the response of Mrs. Bertha Barrett, these were not of such materiality to cause a reversal of the judgment of the court below, though certain of the allegations should have been stricken. *Judgment affirmed. All the Justices concur.*