21400. KIMBRELL v. LINCOLN NATIONAL LIFE
INSURANCE COMPANY *et al.*

ARGUED SEPTEMBER 13, 1961—DECIDED OCTOBER 5, 1961.

*Scott & Bouwsma,* for plaintiff in error.

*Oliver & Oliver, Robert F. Oliver, Kimzey & Crawford, Kimzey & Kimzey, Herbert B. Kimzey,* contra.

GRICE, Justice. Is the insurance company's petition, reciting conflicting claims to the proceeds of its policy, sufficient for interpleader? That is the only issue arising from the facts which follow.

The Lincoln National Life Insurance Company filed a petition against (1) Mrs. Kathryn Y. Kimbrell, the widow of the insured, (2) Mrs. Bonnie M. Kimbrell, his mother, and (3) Melvin Lloyd Kimbrell and Brenda Sue Kimbrell, his children. That petition, as amended, alleged that the insured was accidentally killed while employed at the Cornelia branch of the Athens Coca-Cola Bottling Company and that as such employee his life was insured by petitioner pursuant to the certificate and group policy attached as exhibits.

The petition recited that the mother was originally named as beneficiary of this insurance, but that, according to the manager of the Cornelia branch, the insured subsequently signed a written request changing the beneficiary to his wife and delivered the request to the manager, who then mailed it to the policyholder, the Athens Coca-Cola Bottling Company, which inadvertently misplaced it. The policy provided that the insured "may from time to time change his designation of beneficiary without notice to or consent of the previously designated beneficiary by filing written notice thereof through the policyholder on a form furnished by or satisfactory to the Insurance Company whereupon an acknowledgment of the change will be furnished the employee for attachment to his certificate. Such change shall take effect on the date the employee signed such written notice of change, whether or not the employee is living when the acknowledgment of the change is furnished. . ."

The insurance company's petition also alleged that the wife, relying upon the request to change beneficiary, gave notice to it by letter, copy attached, of her claim to the proceeds. The petition then stated that later the wife and mother entered into an

agreement, copy also attached, whereby each waived her claim to such proceeds and stipulated that $1,000 of it be paid to a designated funeral home for its services, and that the remainder be placed in trust for the two children of the insured. The petition also set forth that pursuant to this agreement the insurance company paid the $1,000 to the funeral home but was holding the remaining $11,800 because of dispute as to whom it should be paid. The allegations are that the mother, subsequent to the execution of the agreement, relied upon her original designation as beneficiary and made claim to the balance of the proceeds; that the wife also interposed her claim on the basis of the requested change of beneficiary; and that the two children claimed under the agreement entered between the wife and the mother.

The insurance company then pleaded that it had no claim or beneficial interest to the proceeds; that it could not determine to whom the money should be paid; that it stood indifferently between the claims of the mother, wife and children; that it was not in collusion with either of them; and that it was ready to pay the money to whomever the court should direct or to pay it into the registry of the court.

It prayed for process, guardianship for the minor children, injunction against other litigation, that the mother, wife and children interplead and set out their respective claims to the proceeds, and that the insurance company be authorized to pay it into court and thereafter be discharged from any further liability therefor.

The mother filed a general demurrer to this petition. The trial judge overruled it, and the case is here on her exception to that ruling. In this court the mother moved to dismiss the other claimants for lack of any interest in the matter, thus raising the same issue as do the general demurrers.

The facts alleged in this petition involve no new principles of law, only application of well established ones.

From what appears in the petition we may assume that the wife expects to prove facts bringing her case within the rule that, "If, however, the insured has done substantially all that is required of him, or that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the [insurance company], the change will take effect though the

details are not completed before the death of the insured." *Smith v. Locomotive Engineers Mut. Life &c. Ins. Assn.,* 138 Ga. 717 (76 SE 44). See also *Nally v. Nally,* 74 Ga. 669 (58 AR 458); *Barrett v. Barrett,* 173 Ga. 375 (160 SE 399, 78 ALR 962). Even if the request for change was made on a form other than that "furnished by or satisfactory to the Insurance Company," ". . . the payment of the fund into court with the statement that the company stands indifferently between the parties is a waiver of all defenses open to it under regulations made solely for its benefit. In such a case it is said that the equities of the contestants will be compared." *Dell v. Varnedoe,* 148 Ga. 91 (95 SE 977). See also *Nally v. Nally,* 74 Ga. 669, supra; *Mitchell v. Langley,* 143 Ga. 827 (85 SE 1050); *Royal Arcanum v. Riley,* 143 Ga. 75 (84 SE 428); *Barrett v. Barrett,* 173 Ga. 375, supra; *Faircloth v. Coleman,* 211 Ga. 356 (86 SE2d 107).

The mother obviously expects to refute the wife's contention as to a change of beneficiary.

We understand from the petition that the children expect to show that they are entitled to the remaining insurance money regardless of who is the beneficiary of the policy. Their claim is based on the instrument executed by the wife and the mother wherein each waived any claim to the proceeds and stipulated that they be used to establish a trust fund for the benefit of the children.

This situation authorizes interpleader. *Code* § 37-1503 provides: "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." The essentials for interpleader are present here. *Cannon v. Williams,* 194 Ga. 808 (22 SE2d 838). See also *Mullins v. Autry,* 200 Ga. 645 (38 SE2d 390); and *Gunby v. Harper,* 216 Ga. 94 (114 SE2d 856), which deal with conflicting claims not relating to insurance as authorizing such relief.

Accordingly, the petition is not subject to general demurrer and the motion to dismiss is without merit.

*Judgment affirmed. All the Justices concur.*