PROVOSTY, J.
For the security of the payment of certain notes which he executed in favor of the plaintiff bank, one Harrison pledged to the bank a $10,000 life insurance policy issued on his life by the defendant company and payable to his executors, administrators, and assigns. I-Iarrison, under the terms of the policy, had the right to assign it. The pledge was made in the usual form of bank pledges, giving the pledgee the right, in the event of nonpayment, to sell the thing pledged, at public or private sale, and apply the proceeds to the payment of the secured debt. The notes not having been paid at maturity, the bank caused the policy to be sold at public auction, in exact accordance with the terms of the act of pledge, after personal notice to Harrison, and due advertisement by publication in the local newspaper, and became the adjudicatee. It then applied to the defendant company to be recognized as owner, entitled as such to exercise the privileges of loan and of surrender for paid-up value conferred by the policy upon the owner, and, upon being refused such recognition, brought this suit for itS' enforcement.
The defense is 'that the defendant company is not bound to recognize plaintiff as transferee and owner until such transfer and ownership has been decreed by a judgment of court rendered contradictorily with Harrison.
When certain formalities are prescribed by a policy as having to be observed for effecting a transfer, they must be observed; but no contention is here made that any formality prescribed by the policy has not been observed ; the contention is, nakedly, that the transfer must be evidenced by a judgment contradictorily rendered before the company can be required to recognize it. , No condition of that kind is contained in the policy, which simply confers upon Harrison the power of assignment.
It is to be noted that, if Harrison had agreed to make a transfer of the policy to plaintiff, and had not actually done so, plaintiff would have a cause of action against him for compelling him to carry out his agreement, but that, the transfer having been already made, plaintiff has no cause of action to compel the making of it, and that, therefore, any suit plaintiff might bring against Harrison for that purpose would be met at once and obviously by an exception of no cause of action, and would be dismissed at the cost of plaintiff.
And it is to be noted, further, that inasmuch as a plaintiff cannot demand what he has already, the demand of a suit for obtaining such a judgment as the one which the defendant in this case would have the plaintiff in this case produce or procure would have to be, not that the court compel Harrison to do, or abstain from doing, anything, or to give anything, but only that the court declare that Harrison had done something, to wit, had made the transfer. It would be a suit to create evidence more reliable than the writings now serving as proof of the transfer having been made. It would be a suit to remove an imaginary cloud upon personalty. It would be in the nature of a suit in slander of title in a case where there had been no slander and where the property involved was a movable.
Courts do not sit, and persons owing no duty are not to be haled into court merely for the purpose of creating evidence, and still less of creating evidence of uneontested facts.
Judgment affirmed.