## ARRINGTON v. GRAND LODGE OF BROTHERHOOD OF RAILROAD TRAINMEN et al.

Circuit Court of Appeals, Fifth Circuit.
October 11, 1927.

No. 5013.

1. Insurance ⬰784(6)—Provision in constitution of benefit association requiring change of beneficiary to be effected in certain manner held for benefit of insurer alone.

A provision in the constitution of a mutual benefit association, whose members have the right to change the beneficiary in their certificates at will, without consent of the beneficiary named, that such change may only be effected in the manner prescribed therein, is for the benefit of the association alone, and in the absence of any objection by it to the sufficiency of an instrument purporting to change a beneficiary it cannot be invoked by the beneficiary originally named.

2. Insurance ⬰784(7)—Instrument held effective to change beneficiary in mutual benefit certificate, in absence of objection by Brotherhood.

An instrument executed by a member of the Brotherhood of Railroad Trainmen, after receiving an injury causing total dissability, which entitled him to full payment of his certificate of insurance, by which he sought to substitute his wife for his sister as beneficiary, held sufficient, in the absence of objection to its form by the Brotherhood.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Bill of interpleader by the Grand Lodge of Brotherhood of Railroad Trainmen against Mrs. Ruby Inglett Arrington, and Mrs. Ethel Inglett. Decree for Mrs. Inglett, and Mrs. Arrington appeals. Affirmed.

Timothy S. Lyons, of Augusta, Ga., for appellant.

W. Inman Curry, of Augusta, Ga., for appellee Mrs. Ethel Inglett.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The opinion rendered by the District Judge contains the following statement, the correctness of which was conceded during the argument in this court:

"On November 23, 1918, the Grand Lodge of Brotherhood of Railroad Trainmen issued a benefit certificate to Harvey W. Inglett, in which his sister, Ruby Inglett (now Arrington), was named as beneficiary. Subsequently Inglett married Ethel Smith. On December 24, 1923, Inglett was injured, between 11 and 12 o'clock, in a railroad wreck, both of his legs being amputated by reason of such accident, and he died at about 6:30 on the same day. Subsequent to his injury, Inglett executed a paper reading as follows:

" 'To Mrs. H. W. Inglett: This is to certify that I want my wife to have my B. of R. T. insurance, which is made to my sister, Ruby Inglett. I have some money in bank at Augusta, Georgia; get that. If death overtakes me, I am ready to meet God. I also have some money in the Holston National Bank at Knoxville; get that. I want James Church to redeem that note, and Frank Phillips.

" '[Signed] H. W. Inglett.

" 'In case you don't survive this, death overtakes you, I want my father to have all.

" 'R. H. Stokes wrote this.

" 'F. J. Andrews,

" 'J. C. Lusk,

" 'L. A. Copenhaver.

" 'Witness as to desire concerning Brotherhood insurance to be transferred to wife as beneficiary:

" '4:15 p. m.      S. R. Miller, M. D.

" 'Nellie Ellis, R. N.

" 'Chas. F. Mooney,

" 'Geo. A. Johnson.'

'The above paper was probated in Knox county, Tennessee, where Inglett died, as the last will and testament of Inglett. Due proof of the death was made by the legal representative of Inglett. The paper was executed after the legs of Inglett had been amputated. Ruby Inglett Arrington received from R. H. Stokes, administrator of the estate of Harvey W. Inglett, a letter requesting Mrs. Arrington to execute an assignment of her interest in such certificate to Ethel A. Inglett.

"The said Brotherhood filed its bill of interpleader in this court, and paid the money into court, where it now is. Mrs. Arrington claims as the beneficiary in the certificate and avers that her interest thereunder has never been legally divested. Mrs. Inglett claims the proceeds of the certificate for the following reasons:

" '(1) That her husband, Harvey W. Inglett, was totally and permanently disabled, as defined in section 68 of the constitution of the Grand Lodge Brotherhood of Railroad Trainmen, and the amount due under said benefit certificate immediately vested in him upon his receiving said total and permanent injury, and was his to dispose of by assignment of the fund or by will, and he did assign or devise the fund to her by the paper executed by him just before his death.

" '(2) Because she is the beneficiary under said certificate; the said Harvey W. Inglett, prior to his death, having effected a change of beneficiary in her favor, by the paper executed just before his death.

" '(3) Because the benefit certificate, which is a mere chose in action, was assigned to her by Harvey W. Inglett, by the paper executed just before his death.' "

The Brotherhood's bill of interpleader contained allegations to the effect that, upon the insured's death while in good standing, it became liable to pay to the party or parties legally entitled thereto the sum of $1,800, and that it is lawfully indebted in that amount to one of the claimants under said certificate. By the terms of the certificate mentioned, provisions of the Brotherhood's constitution constituted part of the contract between the insured and the Brotherhood. The constitution of the Brotherhood contains the following provisions:

"Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, * * * shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent

disability, the full amount of his beneficiary certificate. * * *

"* * * If a disability claim is approved and a member dies before it is paid, the benefits shall be paid to the beneficiary named in the certificate, the same as in an ordinary death claim. * * *

"Any member desiring to transfer his beneficiary certificate shall fill out the printed transfer on the certificate and sign his name thereto, and send the same to the General Secretary and Treasurer, through the secretary of a Lodge of the Brotherhood. All transfers of beneficiary certificates shall be made upon the books of the Grand Lodge under the direction of the General Secretary and Treasurer, and any and all transfers made in any other manner shall be null and void."

The court sustained the claim of the widow. The appeal is from the decree to that effect.

Under above set out provisions of the Brotherhood's constitution, the injuries sustained by the insured entitled him, upon furnishing sufficient and satisfactory proof thereof, to receive the full amount of his beneficiary certificate; but, if he died before his claim was paid, that amount was payable to the beneficiary named in the certificate. That amount not having been paid at the time of the insured's death, it was payable to the person who was the beneficiary under the certificate at that time.

Under provisions of the Brotherhood's constitution, as between the insured and his sister, the former had the right to terminate the latter's interest without her consent or notice to her, as the sister, being a mere volunteer beneficiary, had no vested right in the proceeds of the certificate prior to the insured's death, and the only limitation on the insured's right to change the beneficiary was contained in the quoted provision as to the manner of effecting such change. Royal Arcanum v. Riley, 143 Ga. 75, 84 S. E. 428. [1] The just mentioned provision was a matter entirely between the insurer and the insured, and was for the benefit of the insurer alone. If the insurer chose to waive or not insist on an objection to the sufficiency of the act of the insured manifesting his intention to change the beneficiary, based on a noncompliance with a requirement prescribed for its sole benefit, an objection on that ground was not available in favor of the original beneficiary. No one other than the insurer had the right to question the sufficiency of the above set out instrument to effect a change of beneficiary, on the ground of noncompliance with the provision as to the method of effecting such change. Subject only to the right of the insurer to insist on compliance with the provision of its constitution as to the manner of effecting such change, such change could be effected by parol or by a written instrument manifesting the insured's intention to change the beneficiary. Nally v. Nally, 74 Ga. 669, 675, 58 Am. Rep. 458.

[2] The above set out instrument plainly shows that the insured intended thereby to substitute his wife in place of his sister as the beneficiary of the certificate referred to. The absence of any intention of the insurer to question the sufficiency of that instrument to effect a change of beneficiary was manifested by its paying the money into court and expressing a willingness that it be paid to either of the claimants. Dell v. Varnedoe, 148 Ga. 91, 95 S. E. 977. We conclude that, in the absence of any objection by the insurer as to the manner of effecting a change of beneficiary, the above set out instrument was effective to accomplish that result. It follows that the court's ruling was not erroneous.

The decree is affirmed.