(115 So. 275)

No. 26832.

## POLLOCK v. POLLOCK.

Nov. 28, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⬤⟳586—**Beneficiary has no vested interest in life policy in which insured has reserved right to change beneficiary.**

Where insured has reserved in life insurance policy right to change beneficiary at will, person named as beneficiary has no vested interest in policy.

2. **Divorce** ⬤⟳322—**Husband given community property on divorce held entitled to possession of insurance policies on his life, though wife was beneficiary, where right to change beneficiary was reserved.**

Where judgment of divorce decreed husband to be sole owner of community property and gave parties right to apply to court for orders necessary to enforce property division, insurance policies on life of husband, under which wife was beneficiary, were properly turned over to husband, where applications reserved right to change beneficiary and policy permitted change upon insurer's indorsement provided there was no written assignment of contract on file with insurer.

Appeal from Civil District Court, Parish of Orleans; Percy Saint and Porter Parker, Judges.

Suit for divorce by Mrs. Julia Lazard Pollock against Ernest Pollock, in which plaintiff recovered a judgment for divorce. From a judgment making absolute defendant's rule to require plaintiff to deliver to him certain insurance policies on defendant's life, plaintiff appeals. Affirmed.

W. O. Hart, of New Orleans, for appellant.

Wm. Winans Wall, of New Orleans, for appellee.

BRUNOT, J. The appeal in this case is from a judgment on a rule making the rule absolute as to all policies of insurance upon the life of the insured in which the insured reserved the right to change the beneficiary of the policy.

During the existence of the marriage between plaintiff and defendant the defendant took out several policies of insurance upon his life, in which the plaintiff is named as the beneficiary. In the course of time the plaintiff sued defendant and obtained a judgment of divorce against him. This judgment not only dissolved the marriage, but it definitely settled all of the property rights of the spouses, including the community of acquets and gains which existed between them, and it decreed the defendant to be the sole owner of the community property. The judgment also reserved to the parties the right to apply to the court for all orders necessary to enforce the division of the property in accordance with the terms of the judgment. Under this reserved right, the defendant moved the court for an order directing the plaintiff to deliver to him certain policies of insurance upon his life which were in plaintiff's possession, and which she declined to surrender, or to show cause to the contrary at a fixed hour and date. The motion alleges that the policies belong to defendant, either in his own right, or because the judgment, which has now become final, decrees him to be the sole owner of the community of acquets and gains.

Appellant contends that the motion is made upon one theory while the judgment is based upon a different theory, and that the policies involved in this proceeding are the separate property of the beneficiary and beyond the control of the insured.

[1, 2] The motion merely alleges ownership of the policies, and, for that reason, demands that they be delivered to mover. The judgment merely orders that all of the policies in which the right is reserved to the insured to change the beneficiary of the policy be delivered to him. This limitation in the judgment is proper and consistent with an accepted rule of law, as will be shown in our consid-

eration of appellant's second contention, which, in our opinion, is untenable, for the reason that the beneficiary of a life insurance policy has no vested interest in the policy if the insured has reserved therein the right to change the beneficiary at will. This principle is clearly stated in C. J. vol. 37, p. 579, as follows:

"It is generally held that, where a right to change the beneficiary has been reserved to insured in the policy or is authorized by a statute which is part of the contract, the beneficiary named in the policy has a mere expectancy and no vested right or interest during the lifetime of insured, unless he has acquired a vested interest by virtue of a contract with insured, such as an agreement of insured, for a valuable consideration, not to change the beneficiary, or unless there are facts establishing an equitable interest in the proceeds," etc.

In applying the principle, this court, in the case of Alba v. Provident Savings Life Assurance Society, 118 La. 1021, 43 So. 663, said:

"The policy in question witnesses a contract whereby defendant insured the life of Bachmin, and agreed to pay the loss to his wife 'or his legal representatives or assigns (subject to the right of the assured to change the beneficiary),' to which condition (as contained in the parentheses thus incorporated in the body of the contract) there is added the further express stipulation, as follows, to wit:

" 'Change of Beneficiary.

" 'This policy is issued in favor of the beneficiary, or beneficiaries, specified on the first page hereof, with the express understanding that, if this policy shall not then be assigned, the assured may change the beneficiary, at any time during the continuance of this policy, by filing with the Secretary a written request, duly acknowledged, such change to take effect upon its indorsement on this policy by the society.'

"It is beyond dispute that the change of beneficiary was made and indorsed as contemplated by this stipulation, and it is equally beyond dispute that, as the beneficiary originally named had acquired that status only by virtue of the agreement of the contracting parties, and only subject to the condition that she might be dis-

possessed of that status at their option, or, rather, at the option of the assured, she has no standing to contest a change made in the exercise of that option," etc.

The policies described in the motion are not in the record. They were not in the possession of the mover and were not offered in evidence on the trial, but a copy of one of the policies was offered and the application annexed thereto is as follows:

"I hereby apply for a policy on my life for $10,000.00 for the benefit of Julia Lazard Pollock, wife, if living at my death, otherwise my executors or administrators, with the right to change the beneficiary reserved to me."

In the body of the policy the following clause appears:

"If the right to change the beneficiary is reserved, and there is no written assignment of this contract on file with the society, the annuitant may from time to time change the beneficiary or beneficiaries by a written request (upon the society's blank) filed at its home office; but such change shall take effect only upon the indorsement of the same hereon by the society. If there be no beneficiary surviving at the death of the annuitant, any payment thereafter due hereunder shall be made to the annuitant's executors, administrators or assigns."

This offering, with no countervailing proof in the record, makes it appear with reasonable certainty that the policy issued by the Equitable Life Assurance Society upon the life of mover reserved to the insured the right to change the beneficiary at will, provided, only, that there is no written assignment of the contract on file with the Society when application for a change of the beneficiary is made.

The judgment appealed from merely orders the delivery to mover of all policies upon his life now in the possession of Mrs. Pollock which contain such a reserved right. We think the judgment is correct, and it is therefore affirmed, at appellant's cost.