## CITIZENS' BANK v. PAN–AMERICAN LIFE INS. CO. et al.

### No. 965.

Court of Appeal of Louisiana.  First Circuit.

May 3, 1932.

Bascom D. Talley, of Bogalusa, and E. J. McGivney and E. J. Prinz, both of New Orleans, for appellants.

L. W. McDougall, of Covington, for appellee.

LE BLANC, J.

The plaintiff herein, Citizens' Bank of Franklinton, instituted suit on April 26, 1929, against C. O. Knight as the maker, and M. R. Jones as indorser, of a certain promissory note for $5,800, which note was also secured by the pledge, as collateral, of a certain life insurance policy in the sum of $2,000 on the life of C. O. Knight, issued by the Louisiana National Life Assurance Society of New Orleans, and in which Mrs. Mattie Knight, wife of the assured, was named as beneficiary. The prayer of the plaintiff's petition in that suit was for a personal judgment against both the maker and indorser of the note and for recognition of the lien and privilege resulting from the pledge of the policy of life insurance, and that the insurer thereunder be ordered to change the beneficiary from the name of Mrs. Mattie Knight to that of petitioner, and on his failure to do so that the judgment of court stand in lieu of his written request or authority to make the change. Mrs. Mattie Knight was also made a party to the proceeding for the purpose of having her appear to assert whatever interest, if any, she may

have in the policy, and the prayer of the petition further demanded that it be decreed that she had no interest therein.

It appeared that, in the meantime, the Pan-American Life Insurance Company had bought out the Louisiana National Life Assurance Society and had assumed all of its policies of life insurance.

C. O. Knight and M. R. Jones did not defend the suit, and judgment was rendered against them by default.

Mrs. Mattie Knight, in answer to the suit, denied that the policy had been pledged or assigned as alleged in plaintiff's petition, and then set up a special plea that she was the owner of the policy by virtue of a gift made to her by her husband, and that he therefore had no right to pledge the same. She then reconvened for damages in a large amount for plaintiff's refusal to have turned over the policy to her and for fees of attorneys employed to defend and assert her rights.

From a judgment in the lower court recognizing the pledge of the policy to the plaintiff and rejecting her reconventional demand as in case of nonsuit, Mrs. Knight took an appeal to this court. The judgment denied plaintiff's right to have the change of beneficiary made as prayed for. Neither plaintiff nor the defendant C. O. Knight appealed.

In this court, it was held that the assignment of the policy to the bank was not complete, in that it had not been made in the manner in which the insurance contract directed that it be done, the requirement which the assignment lacked being that the consent of the insurer which was necessary had not been obtained. A judgment ordering the insurer to make the change, we held, would not be effective against the insurer, as it was not a party to the proceeding. That part of the bank's claim was therefore rejected as in case of nonsuit, and so were the claims of Mrs. Mattie Knight. See Citizens' Bank v. Knight, 15 La. App. 62, 130 So. 270.

The present suit evidently results from the decision in the former case and is brought against the Pan-American Life Insurance Company, the insurer, after its alleged inability to make the requested change of beneficiary by reason of the claims and pretensions of Mrs. Mattie Knight who had notified them through her counsel that she is entitled to the proceeds and benefits of the policy. Mrs. Knight is again made a party defendant in this proceeding.

After the personal judgment against C. O. Knight had become final, the plaintiff bank had caused execution to issue thereon. The policy which it held in pledge was seized and sold at public sale and bought by the bank.

The Pan-American Life Insurance Company and Mrs. Knight both filed exceptions of

482

no cause of action to plaintiff's petition which were overruled by the district court. They then each filed an answer, but, as the ruling on the exception really disposed of the only issues in the case, the trial on the merits was more or less a formality, and judgment was accordingly rendered in favor of the plaintiff. Both defendants have appealed.

The Pan-American Life Insurance Company has no direct interest in the matter other than to be protected in whatever action it may take regarding the policy, by a judgment of court. Its position, as appears from a stipulation dictated in the record, so far as this plaintiff and the other defendant are concerned, is that of stakeholder.

Mrs. Knight, by her exception of no cause of action, raises pretty much the same issues as she did in the former suit. Any right she may have to prevent a change of beneficiary under the policy depends on whether or not she has acquired a vested interest therein. On this point, the law seems to be against her contentions, as it appears to be well settled in this state that, during the life of the assured, the beneficiary does not acquire a vested interest in a policy in which the right to change beneficiary is reserved, such as the policy in this case provides.

"It is an universally accepted principle in all jurisprudence that in any life insurance policy where the right is reserved to the insured to change his beneficiary, such as is stipulated in these policies, no beneficiary can acquire a vested right until after the happening of the condition on which they were issued; that is, after the death of the insured. Before the happening of that event, the beneficiary can neither assign nor transfer to his successor, or any one else, any rights in the policy, for he owns no rights therein." Dorsett v. Thomas, 152 La. 62, 92 So. 734, 736. See, also, Pollock v. Pollock, 164 La. 1077, 115 So. 275, and Alba v. Provident Savings Life Assurance Society, 118 La. 1021, 43 So. 663.

As Mr. Knight, the assured in this case, is still living, Mrs. Knight, the beneficiary, has acquired no vested interest under the policy and "owns no rights therein." If she has no rights therein—certainly, she is without right to question the validity of the assignment made to the Citizens' Bank, or the right of the latter, now that it has become the absolute owner of the policy by virtue of its purchase of the same at public sale, to exercise the rights and options contained within its terms, admitting for the sake of argument, and for that purpose only, that there might have been some force in the claim of Mrs. Knight that there could be no change of beneficiary because the policy had been assigned—the transfer of the policy at public sale certainly now does away with any such contention.

By virtue of that sale and acquisition of the policy, the bank stepped into the shoes of the insured and became his substitute, as it were, with respect to all of the rights he might have exercised under the policy. Moon v. Williams, decided by the Supreme Court of Florida, June 25, 1931, and reported in 135 So. 555. In Feliciana Bank & Trust Co. v. Union Central Life Ins. Co., 137 La. 674, 69 So. 91, the Supreme Court of our state decided that the plaintiff bank which had purchased a policy held by it under pledge, at public sale under the terms of the pledge, could exercise the rights of the owner of the policy with regard to the loan and surrender clauses, without first having secured a judgment of court against the insurer, determining its title. Rights with respect to loan and surrender clauses in a policy are rights of the same nature and character as the one to change beneficiary, and we can think of no reason why the purchaser of the policy in this case should not enjoy the same right that was accorded the purchaser in the case cited.

The judgment of the lower court correctly decreed the plaintiff to be the owner of the policy involved herein, free from any rights or claims whatever of Mrs. Mattie Knight, and also properly decreed that the Pan-American Life Insurance Company change the beneficiary under the policy as prayed for, and it is therefore affirmed.