## ALLEN v. GAAR et al.
### No. 4930.

Court of Appeal of Louisiana.
Second Circuit.
April 1, 1935.

Elder & Elder, of Ruston, for appellants.

W. E. McBride and A. K. Goff, Jr., both of Ruston, for defendant in call in warranty-appellee.

Dhu Thompson, of Monroe, for plaintiff-appellee.

MILLS, Judge.

Charles Y. Allen sold to E. A. Gaar his half interest in a restaurant operated by them in Ruston. In payment of same he accepted a note for $800, dated September 4, 1930, made by Gaar and his wife and indorsed as an accommodation by C. C. Alley, L. E. Williamson, J. W. Liner, Glen L. Shadow, E. J. Woodard, L. B. Gaar, R. H. Featherstone, and H. H. Hines. To secure these indorsers in the event of his death, Gaar, the maker, attached to the note, and delivered to its payee, life insurance policy for $1,000 in the Order of Maccabees, in which his wife appears as beneficiary. This arrangement was known to the payee when he accepted the note and policy. There was no formal assignment of the latter. When the note was delivered, the name of Glen L. Shadow had been scratched and canceled from its back. As between themselves and the makers, it was agreed that the obligation of the indorsers should be joint and that at least eight should be obtained. Each relied upon the obligation of the others. The indorsement of Shadow appears on the back of the note after that of Williamson and Liner and before the names of Woodard, L. B. Gaar, Featherstone, and Hines. C. C. Alley signed on the face of the note, but it is conceded that it was the intention and understanding that he was merely an indorser.

Allen, after retaining the policy for some time and paying two premiums on it, inquired of Dr. W. S. Rutledge, the local representative of insurer, as to his status in regard to the policy. Rutledge, on the strength of a letter from the home office, told him that the policy could not be assigned. Allen thereupon, without notifying the indorsers, surrendered the policy to Rutledge. Subsequently, E. A. Gaar died and the proceeds of the policy, amounting to $890.92, were collected by his wife.

There is no clause in the policy prohibiting its assignment. It provides that the beneficiary may be changed at any time during the lifetime of the insured.

The note being past due and unpaid, Allen brings this action, for its value, against Mrs. E. A. Gaar, comaker, and L. E. Williamson, E. J. Woodard, R. H. Featherstone, J. W. Liner, and L. B. Gaar, indorsers. The petition alleges the death of E. A. Gaar and of the indorsers Alley and Hines, and reserves plaintiff's right against their estates.

Mrs. E. A. Gaar, J. W. Liner, and L. B. Gaar have permitted default judgment to be rendered against them.

The indorsers Williamson, Woodard, and Featherstone answer, claiming the release of their obligation because of the removal of Shadow as an indorser and because of the surrender by Allen, without their knowledge or consent, of the insurance policy known by him to have been put up with the note for their security. They also call in warranty the wife of C. C. Alley on the ground that she

has accepted his succession and is liable in his stead.

In the lower court there was judgment for plaintiff as prayed for. The demands in the call in warranty were rejected. From this judgment, defendants Williamson, Woodard, and Featherstone have appealed.

Of their two defenses, we will only pass upon that of the release of the insurance policy, as in our view a correct decision as to it disposes of the case.

Article 3061 of the Civil Code provides: "The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."

■ Plaintiff claims that he only accepted the policy for investigation. Considering the length of time he held it, that he paid two premiums on it, and that he never informed the indorsers of any qualification of his acceptance, we must find that he accepted the note and its security without reservation. We are of the opinion that Allen tired of paying the premium on the policy, and, on learning that the legality of its pledge was questioned, he surrendered it to relieve himself of this burden. Knowing that the indorsers relied upon this security, he should have notified them before he released it. Mrs. E. A. Gaar, the beneficiary under the policy, being a joint maker of the note, presumably consented to its pledge. In any event, the beneficiary being changeable at the will of the insured, she had no vested interest in the policy. Pollock v. Pollock, 164 La. 1077, 115 So. 275; Citizens' Bank v. Pan-American Life Ins. Co. (La. App.) 141 So. 481.

In section 179 of the title "Insurance," in 14 R. C. L. 1003, we find that "depositing a policy with one as collateral security gives him a good lien thereon, though no assignment is made. * * *"

In the case of Metcalf v. Montgomery, Superintendent of Banks, et al., 155 So. 582, the Supreme Court of Alabama holds: "Leaving life policies with insured's creditor as collateral security for debt held sufficient in equity as assignment, notwithstanding absence of writing."

■ The transaction in the present case is not, strictly speaking, an assignment in that it does not completely divest the title of the insured. The delivery of the policy was intended only as collateral to secure an indebtedness, and conferred upon the creditor merely a lien upon the proceeds enforceable only to the extent of the debt. It is not such an assignment as would constitute a breach of a clause prohibiting assignment. Cooley's Briefs on Insurance, vol. III, p. 2900.

■ The policy was a substantial protection to the sureties and a consideration for their indorsement of which they could not be deprived without their consent. The release of the policy by the creditor was a clear violation of their rights, which relieved them of their obligation.

We therefore conclude that the judgment appealed from is erroneous in so far as it holds the indorsers L. E. Williamson, E. J. Woodard, and R. H. Featherstone liable. It is accordingly reversed to that extent, and the demands of plaintiff rejected as to them. As thus amended, it is affirmed.