## SBISA et al. v. LAZAR et al.
### No. 7668.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1935.

Percy Saint and Robert Guerard Hughes, both of New Orleans, La., for appellants.

Alvin R. Christovich and Ernest J. Robin, both of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Upon the death of Dr. Ernest E. C. Pollock in September, 1932, his divorced wife, Julia Lazar Pollock, on the one hand, and the administrator of his estate on the other, filed opposing claims to the proceeds of a policy of insurance on his life. The insurance company, upon its bill interpleading the rival claimants, and disclaiming any interest in the contest between them, or in the right of any particular claimant to the proceeds, and upon paying the amount due under the policy into the registry of the court, was by order of the court discharged from any further liability. The trial proceeded upon the issues raised by the answers of the interested parties, and resulted in a decree in favor of those claiming under Julia Lazar Pollock, who died before it was entered. Appellants, other than the administrator, are the children and heirs of Dr. Pollock, and are entitled to the proceeds of the policy if, upon his death, those proceeds passed to his estate. They inherit nothing from Julia Lazar Pollock, because they are not her children, but were born of previous marriages of Dr. Pollock.

This is but the continuation of an old controversy. The policy in suit, which was issued in 1901, reserved to the insured the right to change the beneficiary, but only upon the company's indorsement of such change upon the policy. In 1908, upon the application of the insured, the beneficiary was changed to his then wife, Julia Lazar Pollock, if living, and if not to his executors, administrators, or assigns. In 1911, by an act of donation, Dr. Pollock gave her all his right, title, and interest in the policy. In 1924, Dr. and Mrs. Pollock were divorced. The judgment of divorce "not only dissolved the marriage, but it definitely settled all

of the property rights of the spouses, including the community of acquets and gains which existed between them, and it decreed the defendant [Dr. Pollock] to be the sole owner of the community property. The judgment also reserved to the parties the right to apply to the court for all orders necessary to enforce the division of the property in accordance with the terms of the judgment." Pollock v. Pollock, 164 La. 1077, 115 So. 275. Shortly after the entry of that judgment, the court which entered it, upon Dr. Pollock's motion, ordered Mrs. Pollock to indorse her waiver of any interest in, and to turn over to him, all the insurance policies on his life which she had in her possession and which reserved to him the right to change the beneficiary. On appeal, this order was affirmed in January, 1928, by the Supreme Court. Pollock v. Pollock, supra. In November, 1928, the Supreme Court had before it a mandamus petition brought by Dr. Pollock to compel another insurance company to change the beneficiary without requiring the delivery of the policy for indorsement thereon of the name of the new beneficiary. Mandamus was denied on the ground that Dr. Pollock had not exhausted his remedy to compel specific performance of the order entered in the divorce proceeding, but in the course of its opinion the court said that its previous judgment in Pollock v. Pollock fixed the title to the policy there involved in Dr. Pollock. State ex rel. v. Equitable Life Assurance, 167 La. 342, 119 So. 71. These two decisions leave no doubt of the finality or of the meaning of the judgment in favor of Dr. Pollock and against Mrs. Pollock. Notwithstanding this, Mrs. Pollock succeeded until after Dr. Pollock's death in withholding from him this and other policies on his life which belonged to him. We think the judgment in Pollock v. Pollock is binding upon her and upon appellees who stand in privity with her. Appellees may not now contend, as they seek to do, that the policy in suit belonged to Mrs. Pollock because the insured gave it to her by act of donation. Whether the donation could be revoked by the donor, or even by a decree of court, is a question that has been finally decided as between the parties interested and their privies, and is therefore no longer open for consideration. Mrs. Pollock's name, it is true, still remains indorsed on the

policy as beneficiary, but that is so only because Dr. Pollock, with the aid of the court, was never able to get possession of the policy so that he could send it to the insurance company and have the name of the beneficiary changed. The policy stands as though no beneficiary had been named, and is therefore payable to the administrator of the insured for the benefit of the heirs. Appellees can hardly say with straight faces that appellants ought to be defeated for the reason that Dr. Pollock failed to send in the policy to the home office of the company and have the name of a new beneficiary indorsed on it. The provision of the policy as to the method of effecting a change of beneficiary was one for the benefit and protection of the insurance company only; and the insurance company clearly waived it by filing the bill of interpleader and depositing the amount of the policy to be paid to those entitled to receive it as the court might direct. Arrington v. Grand Lodge (C. C. A.) 21 F.(2d) 914; Holt v. Russell (C. C. A.) 30 F.(2d) 597. Our conclusion is that the appellants are entitled to the proceeds of the policy.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.