**METROPOLITAN LIFE INS. CO. v. RICHARDSON et al.**

**No. 20.**

District Court, W. D. Louisiana, Lake Charles Division.

April 10, 1939.

Pujo, Hardin & Porter, of Lake Charles, La., and Spencer, Phelps, Dunbar & Marks, of New Orleans, La., for plaintiff.

John H. Benckenstein and Renfro & Keen, all of Beaumont, Tex., for defendant Linnie Richardson.

McCoy, King & Jones, of Lake Charles, La., and Sanders & Veillon, for defendant Willie B. Richardson.

PORTERIE, District Judge.

The Court is of the view that paragraph 9 as to change of beneficiary in Group Contract No. 103 is not an exclusive manner of effecting a change of beneficiary; that the provisions of said paragraph are mainly for the business facility of the insuring company and the insured, and certainly not a right to the beneficiary at will; and that what transpired in the way of a change of beneficiary according to the facts of this case, namely, the assignment of the policy in the judgment of divorce, though not filed as a written notice to the insuring company, is a valid change of beneficiary and should be recognized.

The fact that the Congress passed the act of January 20, 1936, c. 13, paragraph 1, 49 Stat. 1096, U.S.C. Title 28, Paragraph 41, subdivision (26), 28 U.S.C.A. § 41(26), is indicative that the general regulations as to the filing of written notices of changes of beneficiary common to all insurance companies are not exclusive, because this Act of Congress facilitates insurance companies in their immediate release of the

money by bills of interpleader in the case of there being a contest over the funds by several bona-fide beneficiaries.

In the divorce proceedings the defendant Linnie Richardson made no issue of the matter of jurisdiction; and taking into consideration the allegations of the petition, undenied, the taking of jurisdiction by the court itself, and the above cited provisions of the Revised Civil Statutes of Texas, apparently there was no issue as to jurisdiction and there should have been none. Be that as it may, if anywhere in the divorce record there should appear the question of jurisdiction it could not be raised collaterally in this proceeding.

The record of the divorce proceedings shows plainly that both parties appeared therein as residents, citizens and inhabitants of the state of Texas, and that they had resided there continuously for a number of years previous to filing of the suit. We find the defendant Linnie Richardson appearing in these proceedings through counsel and in person, filing answer thereto, etc., and after the usual delays following such written appearances, we find the judgment of the Court, reading in part as follows:

"And it appearing to the Court that there has been accumulated household goods and furniture, and insurance policies upon the life of the said Odell Richardson being the community property and it further appearing to the Court that a fair division of said community property would be had by awarding said household goods and furniture to the Defendant and the cash surrender value on said policies on the life of said Plaintiff to Odell Richardson, with the said Odell Richardson to pay the indebtedness now existing against said furniture in the amount of Ninety Five Dollars ($95.00) to the Morgan Plan Company, Beaumont, and Thirty Six Dollars ($36.00) upon one Sewing machine; it is therefore accordingly Ordered, Adjudged and Decreed that the Defendant, Linnie Richardson, be and she is hereby invested with the title and right of possession to all of the household goods and furniture, and a Judgment for the sum of One Hundred Thirty One Dollars ($131.00) against the said Odell Richardson, the amount of the indebtedness against said furniture and sewing machine; and that the Plaintiff Odell Richardson, be and he is hereby invested with the title and right of possession to the insurance policies taken out upon his, the said Odell Richardson's, life."

There followed no appeal from this decree on the part of Linnie Richardson, the defendant in the divorce and the party now claiming to be the beneficiary, and the period for such appeal having obviously elapsed, the above-quoted part of the divorce decree becomes an adjudged thing. This is without the province and power of this Court to annul.

Linnie Richardson, though named beneficiary by Odell Richardson, her husband at the time, in the original subcontract No. 103, had no vested right; she was a beneficiary at will. She desires to receive the money today, after having agreed by personal appearance in the judicial proceedings of the divorce that the insurance policy would belong altogether to Odell Richardson. This decree is the equivalent in the most formal manner of a change of beneficiary on the part of Odell, and, additionally, is the acquiescence by Linnie, though she really had no vested right as a beneficiary. We must infer that Linnie was made the beneficiary because she was the wife of Odell. Since she was no more to be his wife, it is but natural that she should not have been the beneficiary further. The divorce court accorded her full measure for the value of the policy in the distribution of the community assets. It is our opinion that she cannot come today on the technical point that Group Insurance Contract No. 103 is a New York contract, that the provisions therein as to change of beneficiary are so exclusive and sacramental that she is still the beneficiary because the mere bookkeeping fact of a written notice of change has not been registered with the insuring company. This provision, as previously indicated, is mainly for the facility of the parties and not exclusive in character. This latter view is further supported by the Act of Congress permitting the bill of interpleader in such a situation.

Odell and Linnie Richardson were citizens of the state of Texas and acted under its laws in the divorce proceedings, and both are controlled by the judgment of the divorce court of competent jurisdiction.

Besides the equity hereinabove outlined, the law supports the above decision. See Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 822, 82 L.Ed. 1188,

114 A.L.R. 1487, wherefrom the following recent utterance of the Supreme Court of the United States is extracted: "Except· in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' *be they commercial law* or a part of the law of torts." (Italics ours.)

■ Granting for the sake of argument that the contract of insurance is a New York contract, there arises the question as to the effect of Article 5054 of the Revised Civil Statutes of Texas. This provision reads as follows: *"Texas laws govern policies.*—Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered.into under and by virtue of the laws of· this State relating to insurance, and governed thereby, notwithstanding such policy .or contract of insurance may provide that the contract was executed, and the premiums and policy (in case it becomes a demand) should be payable without this State, or ·at the home office of the company or corporation issuing the same."

It is further made a part of the agreed stipulation of facts "That under the laws of Texas as established by the jurisprudence of said State, it is contrary to public policy for the divorced wife as a divorced wife solely to have or retain an insurable interest in the life of her former husband, and she cannot recover thereon, even if she is named beneficiary under the policy. This admission is made on the part of Mrs. Linnie Richardson subject to her objection as to the relevancy thereof."

■ In the face of these two provisions this Court must rule, even though the contract be one of the state of New York, that Linnie Richardson was displaced as a beneficiary under the policy as soon as the divorce decree was granted by the Texas court, which we have already held to have been competent as to jurisdiction of persons and subject matter. "While as a rule the legality of a contract is governed by the law of the place where the contract was

made, the rule does not obtain if the contract violates the constitution or the statutes of the state of the forum, or is opposed to its public policy * * *." 32 C.J., Insurance, Par. 7. Added to .this is the further point that the community property division of this very decree provided for the policy to revert in full to the husband, and it follows that after his death it becomes a part of his estate.

■ The numerous cases cited in the brief of Linnie Richardson, among which are Boseman v. Connecticut General Life Insurance Co., 1936, 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732; Aetna Life Insurance Co. v. Dunken, 1924, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 1934, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928, involved certain substantive vested rights under which the plea of want of due process of ·law arises. We must not forget that Linnie Richardson was merely a beneficiary at will, not a party to the original contract, of insurance, was not vested with any legal right whatsoever; and when the insurer comes by bill of interpleader, it waives, as far as it is concerned, the provision of the policy as to the method of effecting a change of beneficiary. Obviously, therefore, the only other party with a right is the insured. The insured is now dead, and is represented by his estate, and to his estate belong the proceeds of the policy in the absence of a beneficiary designated by him. The divorce proceedings and particularly the disposition of the community assets thereunder are the equivalent of a revocation of the designation of a beneficiary.

■ Assuming, again, pro arguendo, the laws of New York control the contract, the conclusion of this Court is that to hold otherwise would be a want of due process of law insofar as Odell Richardson is concerned. It would cause the law of the state of New York to deprive Odell Richardson of his right as a citizen of the state of Texas to dispose of his property in Texas and of his right to enter the courts of the state of Texas, where he resides, in the matter of marital relations. The law of property rights and the law of'marital relations are left to the states.

We admit that the preponderant general rule is that the provisions as to change of beneficiary should be fully complied with to effect a change; but there are notable ex-

ceptions to this rule. We feel the instant case is clearly one of the exceptions.

It is first generally accepted that the beneficiary is not entitled to a notice of change. In this case, however, there was a notice of change of beneficiary by the divorce decree wherein Linnie Richardson was a party. The Court is favorably impressed with the decision of Judge Learned Hand in the case of Lovinger v. Garvan, D.C., 270 F. 298, where, though there was provision, apparently specific and mandatory, as to the conditions which would effect a change of beneficiary, the Court for reasons of equity and justice held as is represented by the following two excerpts from the syllabus of the case:

"A promise by the insured in a life policy, payable to a beneficiary named, for a consideration, to change the beneficiary under a power reserved in the contract, is enforceable by the promisee after the death of the insured, and equity will disregard the formal steps and treat the promisee as an already substituted beneficiary.

"A promise by a woman who had sustained an injury necessitating a surgical operation, to substitute complainant as beneficiary in a life policy under a power reserved, if complainant would keep and care for her during and after the operation, which complainant did, although not moved thereto wholly by the promise, but partly by motives of kindness and charity, held to constitute a contract which equity would enforce after the death of insured without having effectively executed the power."

Finally, we believe that the case of Sbisa v. Lazar, 5 Cir., 78 F.2d 77, is the closest case that could be found to the one at issue herein. It happens that the case is one originating in the District Court of the United States for the Eastern District of Louisiana, and finally adjudged by the Circuit Court of Appeals, Fifth Circuit. The full syllabus is as follows:

"Judgment in divorce suit ordering wife to indorse her waiver of any interest in, and turn over to husband, policy on his life which she had in her possession and which reserved to him right to change beneficiary held binding on her and those standing in privity with her, and was not subject to attack by such parties in insurance company's interpleader suit, though prior to such judgment husband, by act of donation, had given wife all his right, title, and interest in the policy.

"Where judgment in divorce suit fixed title to policy on husband's life in husband, but husband, notwithstanding court's aid, was unable to obtain possession of policy from divorced wife so that he could send policy to insurance company for change of beneficiary, and wife's name, therefore, still remained indorsed on policy as beneficiary when husband died, policy stood as though no beneficiary had been named, and was payable to husband's administrator for benefit of his heirs.

"Where divorce suit judgment fixed title to policy on husband's life in husband, but husband was unable to obtain policy from his divorced wife who was named as beneficiary and had possession of policy, husband's administrator held entitled, in insurer's interpleader suit, to the proceeds of the policy, notwithstanding policy provision that change of beneficiary should become effective only on insurer's indorsement of change on the policy, since provision was for protection of insurer only, and was waived by filing interpleader bill and depositing amount of policy in registry of court."

We quote a part of the language of this case, at the end of the opinion: "The provision of the policy as to the method of effecting a change of beneficiary was one for the benefit and protection of the insurance company only; and the insurance company clearly waived it by filing the bill of interpleader and depositing the amount of the policy to be paid to those entitled to receive it as the court might direct. Arrington v. Grand Lodge (C.C.A.) 21 F.2d 914; Holt v. Russell (C.C.A.) 30 F.2d 597."

A terse analysis of the above-quoted case of Arrington v. Grand Lodge discloses the following language from the provision for the change of beneficiary: "All transfers of beneficiary certificates shall be made upon the books of the Grand Lodge under the direction of the General Secretary and Treasurer, and any and all transfers made in any other manner shall be null and void." 5 Cir., 21 F.2d 914, 916, certiorari denied, 276 U.S. 591, 617, 48 S.Ct. 213, 72 L.Ed. 733.

The facts of the case were that the insured provided by will, under the laws of Georgia, for the proceeds of his policy to go to his wife instead of his sister, the previously named beneficiary. The courts of Georgia probated the will. The insurance company filed a bill of interpleader. The United States Circuit Court awarded the

proceeds of the policy to the legatee under the will. A reading of the opinion of the Court of Appeals will immediately show the applicability of the reasoning in that case to this case, with the mere modification that in the quoted case it was the expressed desire of the insured, through a will, and in the instant case it was the expressed desire of the insured through a divorce proceeding and a judgment of court dividing assets of the marriage community. The methods employed in changing the beneficiaries are legally equivalent—state court pronouncements as to disposition of property.

The claims of the Morgan Plan Bank of Beaumont, and those of any other creditors of the deceased are referred to the County Court of Jefferson County, State of Texas, in the proceedings of the Estate of Odell Richardson, Willie B. Richardson, Administratrix.

Linnie Richardson's right, if any, to compel payment by the estate of Odell Richardson of the $141 to two creditors, as ordered by divorce decree, is referred also to the administration of the estate.

The proceeds of the insurance policy in question belong to the estate of Odell Richardson and should be paid to the administrator of his estate in the proceedings of the Estate of Odell Richardson, Willie B. Richardson, Administratrix, in the County Court of Jefferson County, State of Texas.

The Court will sign a judgment in accord with the above opinion.