PAN AMERICAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Dolores de Andino Pagan Vda. DE COBIAN ALVAREZ, Miriam Consuelo and Juan Ramon Cobian de Andino, and Silvestrina Lugo Santiago, Defendants.

Civ. No. 175-57.

United States District Court
D. Puerto Rico,
San Juan Division.
March 31, 1958.

Hartzell, Fernandez & Novas, San Juan, P. R., for plaintiff.

S. Lagarde Garces, Luis E. Garcia Benitez, San Juan, P. R., for codefendants Dolores de Andino Pagan Vda. Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino.

R. Rodriguez Lebron, Francisco Castro Amy, San Juan, P. R., for Silvestrina Lugo Santiago.

RUIZ-NAZARIO, District Judge.

## I

This is an action in interpleader filed by plaintiff Pan American Insurance Company against defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino and against co-defendant Silvestrina Lugo Santiago requesting that the first three defendants interplead with co-defendant Silvestrina Lugo Santiago their respective rights to the proceeds of insurance policy No. 317–537 dated September 9, 1938, issued by plaintiff on the life of insured Jose Cobian Alvarez, deceased on February 12, 1956. The former claim to be the sole beneficiaries of said proceeds pursuant to the terms of an agreement attached to the policy and executed by the assured on September 9, 1938. A copy of this agreement with its translation to English supplements the complaint and is made a part thereof. The latter claims to be the sole beneficiary of said proceeds pursuant to a holographic will executed by the assured on April 14, 1953, which was probated before the Superior Court of Puerto Rico, Ponce Section, and protocolized by Public Instrument Number 25 of February 27, 1956, before Notary Public Raul Matos, at Ponce, Puerto Rico, copy of which, with its translation to English, is also attached to the complaint as a part thereof.

Plaintiff alleges it is a stakeholder and admits its total liability under the policy, but is in doubt and cannot safely determine as between said defendants claimants to which of these it may safely pay, without great hazard to itself, and, therefore, has posted a surety bond in the penalty of $10,000, amount of the insurance, to comply with the future orders or decrees which the court may enter with respect to the subject matter of the controversy herein after the claimants interplead between themselves and it be determined who is entitled to the proceeds of said policy.

Defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino answered the complaint alleging that interpleader does not lie, but if it be decided that it does, judgment be entered, determining that they are the sole beneficiaries under the policy and that they are exclusively entitled to the proceeds thereof under the terms of the September 9, 1938 agreement attached to the policy, and further, that plaintiff and co-defendant Silvestrina Lugo Santiago, pay their costs and attorneys fees in this action.

It has been conceded by all the parties that Jose Rafael Cobian de Andino, who also appeared as beneficiary under said agreement predeceased the assured.

Co-defendant Silvestrina Lugo Santiago answered the complaint alleging that she is the sole beneficiary entitled to the proceeds of the policy under the holographic will of the assured dated April 14, 1953, because:

(a) the assured, by the terms of the aforesaid policy had reserved the right to change the originally designated beneficiaries thereof;

(b) the holographic will lawfully amounts to a change of beneficiary in her favor; and therefore she is the sole and exclusive owner of the proceeds of the policy; that any departure by the assured in the procedure or mode prescribed in the policy for changing beneficiaries, has been waived by the plaintiff insurer by the mere fact of having

filed the bill of interpleader in this action. This co-defendant, in her said answer, requests that plaintiff be ordered to pay exclusively to her the proceeds of the policy, and that plaintiff and the other defendants pay her costs and attorney's fees in the action.

Thereafter, co-defendant Silvestrina Lugo Santiago moved for a summary judgment in her favor.

A hearing was had on the motion for summary judgment and at the hearing defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino, objected to the motion for summary judgment of co-defendant Silvestrina Lugo Santiago, and in turn moved for a summary judgment in their favor. The motion and the cross-motion for summary judgment were submitted on the basis of the pleadings and the policy with certain attached riders listed in a motion filed on February 28, 1958 by defendants Dolores de Andino Vda. de Cobian Alvarez and Miriam Consuelo and Juan Ramon Cobian de Andino.

Both parties defendant asked and were granted leave to submit briefs in support of their respective requests for summary judgment and said briefs have been filed.

The court is now duly advised in the premises.

## II

The only question at issue between the co-defendant Silvestrina Lugo Santiago and the other defendants is one of law for a determination: Whether or not the holographic will executed by the assured on April 14, 1953 must be lawfully considered as a valid and binding change of beneficiary in favor of co-defendant Silvestrina Lugo Santiago to the exclusion of the other defendants as the originally designated beneficiaries under the policy.

To decide this issue the court has to consider:

(1) For whose benefit the requirements of the policy, as to the mode and procedure for the change of beneficiary were established.

(2) Whether said requirements can be considered as waived by the action of the insurer in bringing this bill of interpleader, and whether the original beneficiaries have any standing in law to test the validity of such change of beneficiary after any such waiver by the insurer.

## III

■ A. It is no doubt well settled that the requirements of the policy, as to the mode and procedure for the change of beneficiary are established in the policy of insurance exclusively for the benefit of the insurer, and that the originally designated beneficiary has no standing to compel the assured or the insurer to comply with said requirements as a condition for the validity of the change. See: Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Sbisa v. Lazar, 5 Cir., 78 F.2d 77, 78; Prudential Ins. Co. of America v. Glasgow, 2 Cir., 208 F.2d 908, at page 911, headnote 2; Phoenix Mut. Life Ins. Co. v. Cummings, D.C., 67 F.Supp. 159, at page 163, headnotes 1–5.

The policy involved in this action contains a provision which, so far as pertinent here, reads as follows:

"This policy is issued with the express understanding that the assured may *at any time, without the consent of the beneficiary, change* the beneficiary or beneficiaries, providing etc." (here follows the mode or procedure for effectuating the change).

This condition of the policy undoubtedly reserved to the assured the right to change the original beneficiaries without their consent and the change made by the assured in favor of co-defendant Silvestrina Lugo Santiago was effective and binding as *against them*, irrespective of whether the assured did or did not comply with the requirements agreed upon in the policy for the exclusive benefit of the assured, as regards the form of making such change, if the insurer consented to it or waived the same in any manner.

B. The requirements of the policy as to the mode or procedure for effectuating the change of beneficiary, there agreed upon for the sole and exclusive benefit of the insurer, must be considered as waived by the latter upon its bringing the bill of interpleader herein.

Defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino, concede in their brief (p. 4) that the insurer may waive its right under the policy to require insurer to follow the mode or procedure agreed upon in said policy for effectuating a change of beneficiary.

Said right having been granted, as above held, for the sole and exclusive benefit of the insurer, its waiver by the latter makes the change conclusive and binding as regards the originally designated beneficiaries.

It has been firmly established that by the mere bringing of a bill in interpleader the insurer absolutely waives its right to require that the mode and procedure provided in the policy for effectuating a change of beneficiary be followed by the insured. See: Arrington v. Grand Lodge, 5 Cir., 21 F.2d 914; Prudential Insurance Co. of America v. Glasgow, supra; Sbisa v. Lazar, supra; Phoenix Mut. Life Ins. Co. v. Cummings, supra.

Thus, as the insurer, which is the exclusive owner of the right to require compliance with the mode and procedure provided in the policy for effectuating the change of beneficiary, has lawfully waived such right by the bringing of the present action, the defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino, have no standing in law to question the form used by the assured and accepted by the insurer, in consequence of said waiver, for changing the beneficiary on said policy and substituting co-defendant Silvestrina Lugo Santiago as such.

It therefore follows that co-defendant Silvestrina Lugo Santiago is entitled to a summary judgment and it is so ordered.

### Summary Judgment

It appearing from the pleadings, documents attached thereto, admissions on file and additional exhibits submitted by defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino that there is no genuine issue as to any material fact with respect to the right of co-defendant Silvestrina Lugo Santiago, as beneficiary under the insurance Policy Number 317–537 dated September 9, 1938, for the sum of $10,000 issued by the plaintiff Pan American Life Insurance Company on the life of Jose Cobian Alvarez, who died on February 12, 1956, to receive the full proceeds of the aforesaid policy, as to which the plaintiff, as a mere stakeholder, and admitting complete liability, requested, in its bill of interpleader herein, that the defendants interplead, settle and adjust their claims thereto among themselves, and that co-defendant Silvestrina Lugo Santiago is entitled to a judgment as a matter of law.

It is ordered, adjudged and decreed, that co-defendant Silvestrina Lugo Santiago have and recover from plaintiff Pan American Life Insurance Company, and that the latter pay to the former, the sum of $10,000 representing the full value of the insurance on the life of Jose Cobian Alvarez, under policy Number 317–537 issued by said plaintiff on September 9, 1938, on which policy plaintiff has admitted complete liability on account of the death of said assured. Upon the full payment of said amount of $10,000 by the plaintiff to said co-defendant Silvestrina Lugo Santiago, plaintiff shall be and remain absolutely discharged and released from any and all further liability under said policy. Defendants Dolores de Andino Pagan Vda. de Cobian Alvarez, Miriam Consuelo and Juan Ramon Cobian de Andino, shall have and recover nothing. Each party shall bear its own costs.